James M. Wicks
Franklin C. McRoberts
FARRELL FRITZ, P.C.
*Attorneys for Nominal Defendant*
*Gurney's Inn Resort & Spa Ltd.*
1320 RXR Plaza
Uniondale, New York 11556
Tel:   (516) 227-0700
Fax:   (516) 227-0777
Email: jwicks@farrellfritz.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

LINDA BENJAMIN,

                Plaintiff,                              No. 09-CV-9722 (RWS)

        -against-

THOMAS CARUSONA, CHRISTOPHER
BENNETT, LOLA COOPER MONTEMARANO,
and KEITH COOPER, as Trustees of GURNEY'S
INN CORP. LIQUIDATING TRUST, and LCM SPA
& RESORTS CONSULTANTS LLC,

                Defendants,

        -and-

GURNEY'S INN RESORT & SPA LTD.,

                Nominal Defendant.
------------------------------------------------------------- x

---

## MEMORANDUM OF LAW OF NOMINAL DEFENDANT
## GURNEY'S INN RESORT & SPA LTD. IN OPPOSITION
## TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

---

*Of Counsel:*
James M. Wicks
Franklin C. McRoberts

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

SUMMARY OF THE RELEVANT FACTS ........................................................................ 2

ARGUMENT ........................................................................................................................ 2

Point I

    THE COURT SHOULD DENY BENJAMIN'S MOTION FOR A TRO .................... 2

        A.       Benjamin Has Not Shown Irreparable Harm .................................................... 3

        B.       Benjamin Has Not Shown a Likelihood of Success ........................................... 4

                1.     The Proposed Amendments are Properly Before the Shareholders ....... 4

                2.     The BCL Prohibits Total Disenfranchisement of Shareholders From
                     Amending the By-Laws ............................................................................ 4

                3.     The BCL and Certificate of Incorporation Expressly Authorize the
                     Shareholders to Amend the Certificate in Incorporation ....................... 7

    CONCLUSION ..................................................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Andino v. Fischer,*
    555 F. Supp. 2d 418 (S.D.N.Y. 2008)..................................................................2

*Blanksteen v. New York Mercantile Exchange,*
    879 F. Supp. 363 (S.D.N.Y. 1995) ..................................................................3

*Christal v. Petry,*
    275 A.D. 550 (1st Dept. 1949)..................................................................5, 6

*Hirschfeld v. Board of Elections in City of New York,*
    984 F.2d 35 (2d Cir. 1993)..................................................................3

*McNeil v. Springfield Park Dist.,*
    656 F. Supp. 1200 (C.D. Ill. 1987) ..................................................................3

*Model, Roland & Co. v. Industrial Acoustics Co.,*
    16 N.Y.2d 703 (1965)..................................................................6

*Yu v. Linton,*
    68 A.D.2d 856 (1st Dept. 1979)..................................................................6

STATUTES

Business Corporation Law § 601 ..................................................................6

Business Corporation Law § 601(a) ..................................................................2, 6

Business Corportion Law § 601(b) ..................................................................5, 7

Business Corporation Law § 803 ..................................................................7

Business Corporation Law § 803(a) ..................................................................2, 4, 7

Nominal Defendant Gurney's Inn Resort & Spa Ltd. ("Gurney's" or "Nominal Defendant") respectfully submits this Memorandum of Law in opposition to the application of Plaintiff Linda Benjamin ("Benjamin" or "Plaintiff") for a temporary restraining order enjoining amendment of Gurney's By-Laws and Certificate of Incorporation at the Annual Shareholders Meeting on November 8, 2010.

## PRELIMINARY STATEMENT

Both this and Benjamin's prior application for an injunction seek relief concerning the Annual Shareholders Meeting scheduled for November 8, 2010. Benjamin could and should have made this application long ago, for she had actual knowledge of each and every fact giving rise to this most recent application months before her prior motion was fully submitted and argued to the Court. Benjamin's application is desperate obstructionism, pure and simple. *See* Point I.A.

When stripped of the hyperbole and irrelevant allegations, Benjamin's application contains two substantive arguments. First, Benjamin claims that the proposed amendments to the By-Laws and Certificate of Incorporation "are not properly before the shareholders" because Gurney's board of directors never passed a resolution recommending the amendments. (Plaintiff's Memorandum in Support of Her Further Request for Injunctive Relief ("Benjamin MOL") at 16-17) This assertion is completely false. On January 21, 2010, a duly-constituted majority of the board of directors adopted a resolution recommending that the shareholders approve both amendments to be voted upon here. Benjamin was a participant in that meeting. Thus, the amendments were properly presented to the shareholders for a vote. *See* Point I.B.1.

Second, Benjamin claims that the By-Laws and Certificate of Incorporation expressly provide that the By-Laws may not be amended until after the Trust mortgage is satisfied and the

Class B shares cancelled.  (*See* Benjamin MOL at 16-20)  This argument is legally unsupportable because the result would be inconsistent with Section 601(a) of the Business Corporation Law ("BCL").  Provisions of a corporation's by-laws that restrict shareholders' rights in a manner inconsistent with the BCL are invalid and void.  *See* Point I.B.2.  Finally, absolutely nothing in the By-Laws or the Certificate of Incorporation prohibits the proposed amendment to the Certificate of Incorporation.  In fact, the proposed amendment is expressly authorized by Article EIGHTH of the Certificate of Incorporation and Section 803(a) of the BCL.  *See* Point I.B.3.

For these reasons, the Court should deny Benjamin's application for a temporary restraining order and permit the Annual Shareholders Meeting to proceed in all respects on November 8, 2010.

## SUMMARY OF THE RELEVANT FACTS

The relevant facts are set forth in the accompanying Declaration of Paul Montemarano in Opposition to Plaintiff's Application for Temporary Restraining Order dated November 3, 2010 ("Montemarano Decl.").

## ARGUMENT

### Point I

### THE COURT SHOULD DENY BENJAMIN'S MOTION FOR A TRO

To prevail on an application for a temporary restraining order, the moving party must demonstrate (1) irreparable harm in the absence of an injunction; and (2) either: (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).  Benjamin has not satisfied this standard.

### A.    Benjamin Has Not Shown Irreparable Harm

First, Benjamin has not shown a likelihood of irreparable harm.  As set forth in the accompanying Declaration of Paul Montemarano, Benjamin was aware of the proposed amendments to the By-Laws and Certificate of Incorporation since January 21, 2010, *more than nine months ago*, when she voted at a meeting of the board of directors against a resolution to recommend that the shareholders approve the amendments at the next Annual Shareholders Meeting.  (*See* Montemarano Decl., ¶6)  The minutes of the January 21, 2010 meeting of the board of directors, at which the resolution was voted upon and adopted, are attached to the Montemarano Declaration as Exhibit 1.  (*See id.*, Ex. 1)

In any event, it is thoroughly documented in Montemarano's Declaration that Benjamin was well aware since no later than October 18, 2010, nine days before the parties appeared before this Court for oral argument on October 27, and a full fourteen days before she filed this current application, that the two amendments were being presented to the shareholders at the Annual Shareholders Meeting.  (*See id.*, ¶¶7-11; Exs. 2-11)

Benjamin's inexcusable delay bars her claim of irreparable harm.  *Hirschfeld v. Board of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) ("The Board of Elections' inexcusable delay in filing the motions here at issue severely undermines the Board's argument that absent a stay irreparable harm would result."); *Blanksteen v. New York Mercantile Exchange*, 879 F. Supp. 363, 367 (S.D.N.Y. 1995) ("The plaintiff's delay in bringing this action demonstrates that she will not suffer irreparable harm if the election proceeds"); *McNeil v. Springfield Park Dist.*, 656 F. Supp. 1200, 1203 (C.D. Ill. 1987) ("Plaintiffs' failure to move for an injunction until three weeks before the election is inexcusable delay.").

**B.      Benjamin Has Not Shown a Likelihood of Success**

     **1.      The Proposed Amendments are Properly Before the Shareholders**

Benjamin's two supposedly "new" substantive grounds for issuance of an injunction are easily dispatched.  First, Benjamin claims that the proposed amendments to the By-Laws and Certificate of Incorporation were not properly presented to the shareholders, pursuant to BCL § 803(a), because Gurney's board of directors never passed a resolution recommending the amendments.  (*See* Declaration of Linda Benjamin in Further Support of Her Further Request for Injunctive Relief ("Benjamin Decl."), ¶2; Benjamin MOL at 16-17)  This assertion is totally false.

Again, a duly-constituted majority of the board of directors voted in favor of a resolution recommending that the shareholders approve the very amendments to be voted upon here.  (*See* Montemarano Decl., ¶6)  A copy of the minutes of the January 21, 2010 board meeting are attached to the Montemarano Declaration as Exhibit 1.  (*Id.*, Ex. 1)  Benjamin participated in the board meeting and voted against the amendments.  (*Id.*, Ex. 1, at 2)  Benjamin's denial to this Court of the occurrence of the meeting is untruthful and disturbing.  In any event, both amendments here are quite certainly "properly before" the shareholders.  *See* BCL §803(a).

     **2.      The BCL Prohibits Total Disenfranchisement
             of Shareholders from Amending the By-Laws**

Second, Benjamin claims that both the By-Laws and Certificate of Incorporation expressly provide that neither may be amended until after the Trust mortgage is satisfied and the Class B shares cancelled.  (*See* Benjamin MOL at 16-20)

Article XII of the By-Laws provides:

> Subsequent to cancellation of all Class B stock, these By-Laws may be amended, enlarged or diminished either (a) at any shareholders' meeting by vote of shareholders owning two-thirds

4

> of the amount of the outstanding shares, represented in person or by proxy, provided that the proposed amendment or the substance thereof shall have been inserted in the notice of meeting or that all of the shareholders be present in person or in proxy, or (b) at any meeting of the Board of Directors by a majority vote, provided that the proposed amendment or the substance thereof shall have been inserted in the notice of meeting or that all of the Directors are present in person, except that the Directors may not repeal a By-law amendment adopted by the shareholders as provided above.

(Benjamin Decl., Ex. B, at 14)

Likewise, Article NINTH of Gurney's Certificate of Incorporation provides:

> Subsequent to cancellation of all Class B stock, the By-Laws may be amended, enlarged or diminished, either (a) at any shareholders' meeting by vote of shareholders owning two-thirds of the amount of the outstanding shares, represented in person or by proxy, provided that the proposed amendment or the substance thereof shall have been inserted in the notice of meeting or that all of the shareholders be present in person or in proxy, or (b) at any meeting of the Board of Directors by a majority vote, provided that the proposed amendment or the substance thereof shall have been inserted in the notice of meeting or that all of the Directors are present in person, except that the Directors may not repeal a By-law amendment adopted by the shareholders as provided above.

(Benjamin Decl., Ex. D, at 3)

Benjamin's interpretation of these provisions is that there can be no amendment to the By-Laws whatsoever—by either the shareholders or the board of directors—until the "cancellation of all Class B stock." (Benjamin MOL at 17)  Since the Class B stock has not yet been cancelled, the reasoning goes, the By-Laws may not be amended by the shareholders.

Section 601(b) of the BCL expressly provides that "[t]he by-laws may contain any provision relating to . . . the rights or powers of its shareholders . . . *not inconsistent with this chapter . . .*" BCL § 601(b) (emphasis added).  It is well-settled that a corporation's by-laws may not limit shareholders' rights to be inconsistent with the provisions of the BCL and "any attempt to restrict such right is ineffectual and invalid." *See, e.g., Christal v. Petry*, 275 A.D. 550, 557-

5

558 (1st Dept 1949).

Benjamin's argument that the shareholders are powerless to amend the By-Laws is plainly inconsistent with Section 601(a) of the BCL. Section 601 of the BCL provides two methods for amendment of a corporation's by-laws. First, "by-laws may be adopted, amended or repealed by a majority of the votes cast by shares at the time entitled to vote in the election of any directors." BCL § 601(a). Second, "[w]hen so provided in the certificate of incorporation of a by-law adopted by the shareholders, by-laws may also be adopted, amended or repealed by the board by such vote as may be therein specified, which may be greater than the vote otherwise prescribed by this chapter, but any by-law adopted by the board may be may be amended or repealed by the shareholders entitled to vote thereon as provided herein." *Id.*

In other words, under BCL § 601, the default rule is that only the shareholders may amend the by-laws. *Id.* However, when the certificate of incorporation or by-laws expressly so provide, the board may also amend the by-laws, subject, however, to amendment or repeal by the shareholders. *Id.* The shareholders at all times reserve the right to amend the by-laws and to trump any amendments adopted by the board. In no case may a corporation totally disenfranchise shareholders from amending the by-laws because such a provision would be inconsistent with the BCL § 601(a).[1] *Cf. Yu v. Linton*, 68 A.D.2d 856, 856-57 (1st Dept. 1979) ("The bylaws are ineffective to deprive the record shareholders of the right to vote provided by Business Corporation Law, s 612(a)"); *Model, Roland & Co. v. Industrial Acoustics Co.*, 16 N.Y.2d 703, 704-05 (1965) (corporate bylaw requiring two-thirds majority shareholder vote to amend certain by-laws was void in view of BCL provision for simple majority vote of shareholders to amend by-laws).

---

[1] It is remarkable that Benjamin argued in her prior injunction papers that Gurney's was clandestinely attempting to disenfranchise voters by requiring them to pay the special assessment to be permitted to vote. (*See* DE 71 at 15-17). Here, Benjamin is explicitly seeking to disenfranchise voters. Who is fooling who?

### 3.   The BCL and Certificate of Incorporation Expressly Authorize the Shareholders to Amend the Certificate of Incorporation

As Benjamin impliedly acknowledges, none of the above-quoted provisions of the By-Laws or the Certificate of Incorporation prohibit the shareholders from amending the Certificate of Incorporation at the Annual Shareholders Meeting. (Benjamin MOL at 18-19). The simple reason is that neither addresses the subject of amendment of the Certificate of Incorporation. (*See* Benjamin Decl., Ex. B, at 14; Ex. D, at 3)

More importantly, Article EIGHTH of the Certificate of Incorporation expressly provides, "The Certificate of Incorporation may be amended . . . by the affirmative vote of the holders of two-thirds of the shares of the Corporation issued and outstanding." (Benjamin Decl., Ex. C, at 3). Finally, Section 803 of the BCL expressly authorizes amendment of the Certificate of Incorporation by the shareholders. *See* BCL § 803(a). Therefore, the Court must deny Benjamin's application for an injunction barring amendment of the Certificate of Incorporation.

## CONCLUSION

For all of the foregoing reasons, Nominal Defendant Gurney's Inn Resort & Spa Ltd. respectfully requests that the Court deny in all respects Plaintiff Linda Benjamin's motion for a temporary restraining order, and award such other and further relief as the Court deems just, equitable and proper.

Dated: Uniondale, New York
      November 3, 2010

FARRELL FRITZ, P.C.

By: _____
James M. Wicks
Franklin C. McRoberts
*Attorneys for Nominal Defendant*
*Gurney's Inn Resort & Spa Ltd.*
1320 RXR Plaza
Uniondale, New York 11556
(516) 227-0700

8